### ELIZABETH K. GRAHAM *v.* SAMUEL R. GRAHAM.

**Divorce—Jurisdiction.**

> The court of appeals has no jurisdiction of an appeal from a judgment granting a divorce, but it has jurisdiction of an appeal from so much of the judgment as dismissed appellant's petition and denied her petition for alimony.

**Alimony.**

> The wife is not entitled to alimony when a divorce has been granted to her husband and denied to her.

#### APPEAL FROM LOUISVILLE CHANCERY COURT.

September 9, 1876.

OPINION BY JUDGE COFER:

The appellee brought this suit in the Louisville chancery court against the appellant to obtain a divorce a vinculo matrimonii, upon the ground that she had voluntarily abandoned him for a period of more than a year. She denied the alleged abandonment, and, making her answer a counterclaim, she alleged that at the time of their marriage and afterwards, he was afflicted with a secret loathsome disease which he had communicated to her, and upon that ground prayed for a divorce a mensa et thoro, and for alimony.

The chancellor adjudged in favor of the appellee, and granted him a divorce as prayed for, dismissed the appellant's counterclaim, and denied her prayer for alimony. From that judgment this appeal is prosecuted.

We have no jurisdiction of an appeal from a judgment granting a divorce, and it is not only unnecessary but would be improper to express an opinion on the facts upon which the divorce was granted.

But of the appeal from so much of the judgment as dismissed appellant's petition and denied her prayer for alimony we have jurisdiction, and this is as much of the judgment as we are asked to revise.

It is conceded by the appellant's counsel that the charge in her counterclaim that the appellee had been afflicted with a loathsome disorder, is wholly unsustained by evidence; and it follows that the court did not err in dismissing the counterclaim so far as it sought a divorce. It has been judicially and irreversibly ascertained that the appellant abandoned her husband without fault on his part, and she has failed to show a right on her part to a divorce.

This state of the record bars her right to alimony. The statute provides that "if the wife have not sufficient estate of her own, she may on a divorce obtained by her, have such allowance out of that of her husband as shall be deemed equitable." Sec. 6, Art. 3, Chap. 52, Gen. Stat. But there is no statute or rule of equity jurisprudence, of which we have any knowledge, which authorizes an allowance of alimony to the wife, when a divorce has been granted to her husband and denied to her.

Except as otherwise provided by statute, the effect of a divorce from the bonds of matrimony upon the property rights of the parties is substantially that of death, or annihilation. Schouler Domestic Relations, 299. The parties stand in the same legal relation to each other that they would have occupied if the marital relation had never existed between them.

The appellee asked for the custody of an only child of the marriage, now about six years old, which was then and is now in the custody of the appellant; but the chancellor, having the interest and welfare of the child principally in view, and deeming it too young to be deprived of a mother's care, refused to make an order respecting its future custody, simply leaving it with the appellant, and retained the case for future orders on that subject. The statute provides that pending an application for a divorce, or a final judgment, the court may make orders for the care, custody and maintenance of the minor children of the parties, and may at any time afterwards, upon the petition of either parent, revise and alter the same. Sec. 7, Art. 3, Chap. 52, Gen. Stat.

No special application was made for an allowance for the maintenance of the child, and the mere omission of the court to make it upon the general prayer in the counterclaim that the appellee should be adjudged to pay such sum as would be sufficient for its support,

is not error. . The court has full power to make such orders for the custody and maintenance of the child as shall, from time to time, appear to be proper.

As we have already said, from the time of granting the appellee a divorce, he and the appellant have occupied the same legal relation to each other as if they had never been husband and wife. No appeal lies from the judgment granting the divorce, and even a reversal of the judgment refusing to grant to the appellant a divorce could not bring them again into conjugal relations. We are, therefore, of the opinion that no allowance can be made to the appellant for counsel fees or costs, in this court, and that upon an affirmance the appellee is entitled to a judgment for his costs.

Judgment *affirmed*.

*M. Mundy, for appellant. Mix & Boothe, for appellee.*